UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS STINSON,<br><br>                Plaintiff,<br><br>            -against-<br><br>CUNY; CITY UNIVERSITY<br>CONSTRUCTION FUND; SONIA PEARSON,<br>in her official & individual capacity; PAMELA<br>SILVERBLATT, in her official & individual<br>capacity,<br><br>                Defendants. | 21-CV-6942 (LLS)<br><br>ORDER OF DISMISSAL<br>AND TO SHOW CAUSE<br>UNDER 28 U.S.C. § 1651 |

LOUIS L. STANTON, United States District Judge:

    Plaintiff Marcus Stinson brings this *pro se* action, for which the filing fees have been paid, pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Plaintiff sues City University of New York (CUNY), his former employer, the City University Construction Fund, and Sonia Pearson and Pamela Silverblatt, who are both CUNY employees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v.*

*Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is no stranger to this court, was employed by CUNY until August 18, 2017, when he was fired from his position as an Office Assistant in CUNY's Office of Facilities, Planning, Construction and Management. Before and after he was fired, Plaintiff filed complaints in this court and in the United States District Court for the Eastern District of New York asserting claims of employment discrimination and retaliation. The present action is Plaintiff's most recent attempt to challenge his firing.

Plaintiff's history in this court and in the Eastern District of New York is as follows:

1. *Stinson v. City Univ. of New York*, ECF 1:17-CV-3949, 85 (S.D.N.Y. June 6, 2018) ("*Stinson I*"). Plaintiff was represented by counsel in that action. He filed the original complaint on May 24, 2017, an amended complaint on September 11, 2017, and a second amended complaint on February 2, 2018. Plaintiff alleged that the defendants discriminated and retaliated against him, beginning in 2015, and that this conduct culminated in Plaintiff's firing in 2017. He asserted claims under Title VII; the ADA; the Family and Medical Leave Act of 1993 ("FMLA"); 42 U.S.C. §§ 1981, 1983, and 1985; and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"). By Opinion & Order dated June 6, 2018, the Honorable Katherine B. Forrest granted the defendants' motions to dismiss. ECF 1:17-CV-3949, 85. The court dismissed many of Plaintiff's claims against CUNY, and against Bergtraum in her official capacity, under the doctrine of Eleventh Amendment sovereign immunity. *Id.* at 22-23. The court dismissed the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted. *Id.* at 24-30. Plaintiff did not appeal.

2. *Stinson v. City Univ. of New York*, ECF 1:18-CV-5963, 34 (S.D.N.Y. May 4, 2020) ("*Stinson II*"). In *Stinson II*, filed 22 days after the court dismissed *Stinson I*, Plaintiff

asserted claims that he had previously asserted in *Stinson I*, including claims of discrimination and retaliation and claims under the FMLA. But he also asserted claims not previously asserted in *Stinson I*, that is, claims arising from events that allegedly occurred after he had been fired. In an order dated July 30, 2019, the court determined that Plaintiff was barred from asserting his claims under the FMLA under the doctrine of issue preclusion but granted Plaintiff leave to amend as to other claims. ECF 1:18-CV-5963, 10, at 4-6. Plaintiff then filed an amended complaint. In a Memorandum Opinion & Order dated May 4, 2020, the Honorable Ronnie Abrams granted Plaintiff's motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure and dismissed *Stinson II* without prejudice. ECF 1:18-CV-5963, 34. On March 8, 2021, Plaintiff filed a motion to reopen the action. *Id.* at 39. By memo endorsement on April 28, 2021, Judge Abrams denied Plaintiff's motion to reopen. *Id.* at 46.

3. *Stinson v. City Univ. of New York*, ECF 1:19-CV-4191, 12 (S.D.N.Y. July 19, 2019) ("*Stinson III*"). By order dated July 19, 2019, the Court: (1) dismissed Plaintiff's claims arising from those events underlying the claims in *Stinson I* under the doctrine of claim preclusion, (2) dismissed Plaintiff's claims under the FMLA, NYSHRL, and NYCHRL under the doctrines of issue preclusion and Eleventh Amendment immunity, and (3) warned Plaintiff "that further litigation of his employment discrimination claims against CUNY and its employees based on events occurring before his firing or other nonmeritorious matters in this Court will result in an order barring him from filing any new actions without prior permission." *Id.* at 3-7. Plaintiff did not appeal.

4. *Stinson v. G-Square Consulting Servs., LLC*, ECF 1:19-CV-0013, 92 (E.D.N.Y. Nov. 17, 2021) ("*Stinson IV*"). Ten days after this Court dismissed *Stinson III*, Plaintiff filed yet another *pro se* action, this time in the United States District Court for the Eastern District of New York. Plaintiff asserted claims under federal and state law against G-Square Consulting Services, LLC, and CUNY, arising from actions during Plaintiff's post-termination arbitration and unemployment-insurance proceedings, and from CUNY's barring Plaintiff from his workplace and from attending classes. On November 17, 2021, after the Honorable Kiyo A. Matsumoto, of the Eastern District of New York, denied Plaintiff's motion for change of venue to this court, Plaintiff filed a notice of voluntary dismissal. *Id.* at 92.

5. *Stinson v. Pearson*, ECF 1:20-CV-8701, 5 (S.D.N.Y. Mar. 10, 2021) ("*Stinson V*"). Plaintiff filed this action on October 15, 2020, and by order dated March 10, 2021, the Court dismissed Plaintiff's claims on various grounds including claim preclusion. Two months later, on May 10, 2021, Plaintiff filed a letter motion for reconsideration. *Id.* at 7. One week later, on May 17, 2021, Plaintiff withdrew his motion for reconsideration, *id.* at 8.

On August 16, 2021, Plaintiff filed this new action. Plaintiff filed the original, 45-page complaint in this action on August 16, 2021, and on September 27, 2021, Plaintiff filed a 155-page amended complaint. Plaintiff reiterates claims of employment discrimination and retaliation by CUNY, and he seeks to have this Court vacate or set aside the decision in *Stinson I*, and he also seeks a full refund, with interest for his CUNY degree. ECF No. 2 at 85, 118.

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a

litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), a court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that

6

"principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff's prior actions against Defendants were based on the same events that Plaintiff describes in this complaint. Those previous actions were adjudicated on the merits. Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous actions in this court and in the Eastern District of Pennsylvania, his claims are barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## ORDER TO SHOW CAUSE

In light of Plaintiff's litigation history, as detailed above, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court asserting claims of employment discrimination and retaliation against CUNY and its employees regarding Plaintiff's prior employment at CUNY without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions in this court asserting claims of employment discrimination and retaliation against CUNY and its employees regarding Plaintiff's prior employment at CUNY unless he first obtains permission from this court to do so.

## CONCLUSION

The Court dismisses Plaintiff's complaint as barred by the doctrine of claim preclusion. Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future actions in this court asserting claims of employment discrimination and retaliation against CUNY and its employees regarding Plaintiff's prior employment at CUNY without prior permission. A declaration form is attached to this order.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 3, 2022
         New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
|---|---|
| Executed on (date) | Signature |

| _____ | _____ |
|---|---|
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Address | City | State | Zip Code |

| _____ | _____ |
|---|---|
| Telephone Number (if available) | E-mail Address (if available) |

Page 2