UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS STINSON,

                Plaintiff,

-against-

CUNY; CITY UNIVERSITY CONSTRUCTION FUND; SONIA PEARSON, in her official & individual capacity; PAMELA SILVERBLATT, in her official & individual capacity,

                Defendants.

21-CV-6942 (LLS)

BAR ORDER UNDER
28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

      Plaintiff Marcus Stinson filed this action *pro se*. By order dated February 3, 2022, the Court: (1) dismissed the action as barred by the doctrine of claim preclusion; (2) noted that Plaintiff had filed five other cases in this court and in the Eastern District of New York, asserting claims of employment discrimination and retaliation against the City University of New York (CUNY), his former employer; and (3) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing further actions in this Court without prior permission. For the reasons set forth below, the bar order will issue.

## DISCUSSION

      Plaintiff filed a 19-page letter on February 7, 2022, that fails to raise arguments against imposing the bar order. (ECF No. 4.) Instead, Plaintiff asserts that his lawsuits are not "frivolous and/or without merit," and that CUNY has "fraudulently concealed evidence." (*Id*. at 6, 9, 11-13.)

      Plaintiff's letter closes with a request to have the Court "vacate or set aside 1:17-CV-03949-(KBF) due to the discovery of new evidence, CUNY's fraudulent concealment of evidence and CUNY's fraudulent misrepresentation of Bergtraum's employment, Antonelli's

employment and (most importantly) Vincent Green <u>not</u> being employed by the Research Foundation of the City University of New York (RFCUNY)." (*Id.* at 16-17.)

Plaintiff's letter makes clear that he continues to challenge his August 18, 2017, firing by CUNY, despite the warnings of the undersigned. Because Plaintiff does not set forth good cause why an injunction should not be entered, he is barred from filing any further actions in this court asserting claims of employment discrimination and retaliation against CUNY and its employees regarding Plaintiff's prior employment at CUNY unless he first obtains permission from this court to do so.

## CONCLUSION

The Court hereby bars Plaintiff from filing any further actions in this court asserting claims of employment discrimination and retaliation against CUNY and its employees regarding Plaintiff's prior employment at CUNY without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the submission of frivolous or nonmeritorious documents in this case may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Clerk of Court is directed to close this action and terminate any motions in this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 10, 2022
         New York, New York

                                                                      Louis L. Stanton
                                                                      U.S.D.J.