UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS STINSON,<br><br>                      Plaintiff,<br><br>                -against-<br><br>CUNY; CITY UNIVERSITY CONSTRUCTION FUND; SONIA PEARSON, in her official & individual capacity; PAMELA SILVERBLATT, in her official & individual capacity,<br><br>                    Defendants. | 21-CV-6942 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

      Plaintiff Marcus Stinson, appearing *pro se*, filed this action against the City University of New York ("CUNY"), City University Construction Fund, Sonia Pearson, and Pamela Silverblatt.[1] By order dated February 3, 2022, the Court: (1) dismissed the action as barred by the doctrine of claim preclusion; (2) noted that Plaintiff had filed five other cases in this court and in the Eastern District of New York, asserting claims of employment discrimination and retaliation against CUNY, his former employer; and (3) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing future actions in this Court without prior permission. (ECF No. 3.)

      On February 7, 2022, Plaintiff filed a response to the Court's order, (ECF No. 4), which the Court reviewed, and on March 10, 2022, the Court, pursuant to 28 U.S.C. § 1651, barred Plaintiff from filing any future actions in this court in which he asserts claims of employment discrimination and retaliation against CUNY and its employees arising from Plaintiff's prior employment at CUNY without first obtaining from the court leave to file. (ECF No. 5.)

---

    [1] Plaintiff paid the $402.00 in filing fees to bring this action.

Plaintiff filed a notice of appeal (ECF No. 7) on March 16, 2022, and a motion for leave to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 10) on March 31, 2022. By order dated April 8, 2022, the Court granted Plaintiff's request to proceed IFP on appeal. (ECF No. 12.)

On the same date that the Court granted Plaintiff's request to proceed IFP on appeal, Plaintiff filed a letter requesting to withdraw his request to proceed IFP on appeal and his notice of appeal. (ECF No. 13.) By Mandate issued on April 15, 2022, the United States Court of Appeals for the Second Circuit granted Plaintiff's request to withdraw his appeal. (ECF No. 14.)

On February 12, 2024, approximately one year and 10 months after the Second Circuit granted Plaintiff's request to withdraw his appeal, Plaintiff filed a letter (ECF No. 18), requesting that the Court's March 10, 2022 order (ECF No. 5), barring him from filing any further actions in this court asserting claims arising out of his employment at CUNY without first obtaining permission from the court be vacated. In this letter, Plaintiff also seeks to have the "June 6, 2018 ruling in Stinson I – Stinson v. City University of New York – SDNY 1:17-cv-3949 (KBF) be vacated or set aside." (ECF No. 18 at 12.)

The Court liberally construes Plaintiff's filing as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff's motion for reconsideration, filed one year and 11 months after the order he seeks to vacate was entered on the court's docket, is not timely. Even if the motion were timely filed, the Court finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, his request for relief under Rule 60(b) is denied.

To the extent that Plaintiff seeks reconsideration of Judge Forrest's June 6, 2018 ruling in *Stinson v. City of New York*, ECF 1:17-CV-3949 (S.D.N.Y. June 6, 2018), Plaintiff must make the appropriate request in that case.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 12) is denied.

This action is closed. The Court directs the Clerk of Court not to accept any further submissions under this closed case number except for papers that are directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   February 28, 2024
         New York, New York

                                        _____Louis L. Stanton_____
                                             Louis L. Stanton
                                                 U.S.D.J.